IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEFFAN HOBBS, by and through his parents
and next friends, Jimmy and Janet Hobbs,

        Plaintiff,

v.     No. CIV 06-985 BB/WDS

MARSHA ZENDERMAN, in her individual and
official capacities, JOEY KELLENAERS, and
PAMELA HYDE, Secretary of the Department of
Human Services, in their individual and official
capacities,

        Defendants.

## MEMORANDUM OPINION
### AND
## ORDER DENYING PRELIMINARY INJUNCTION

**THIS MATTER** is again before the Court on Plaintiff's *Petition for Preliminary Injunction* [doc. 66], and the Court having held an evidentiary hearing on March 29, 2007, reviewed all submissions of counsel, and having performed independent research on the law, concludes the petition must be Denied.

### *Discussion*

A preliminary injunction may be entered pursuant to Federal Rule of Civil Procedure 65 only after a moving party establishes that:

> (1) [the movant] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a likelihood [of success] on the merits.

*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). Preliminary injunction is an extraordinary remedy, and it should not be issued unless the movant's right is clear and unequivocal. *Heideman v. South Salt Lake City*, 348 F.3d 1182 (10th Cir. 2003).

**I.**     *Irreparable Injury*

Plaintiff argues that "where a party seeking injunctive relief has shown a violation of fundamental constitutional rights, a presumption of irreparable harm arises." (Pl.'s Supp. Mem. p. 1). Plaintiff relies on *Heideman* and constitutional cases dealing primarily with free speech and discrimination. The rationale behind the First Amendment cases is somewhat obvious if a plaintiff is prohibited or chilled in the exercise of a right of free speech, petition, assembly or religion; that right could only rarely be restored in an equivalent socio/political environment. Even on political speech, however, the constitutional right is not entitled to absolute protection. *See, e.g., Socialist Workers Party v. Attorney General of the United States*, 419 U.S. 1314 (1974). Similar logic applies to the guarantees of a plaintiff's right to the Equal Protection of the laws. It is, however, less obvious in the present context of a claim to denial of a Due Process claim to governmental benefits. Two of the cases cited by Plaintiff's counsel deal with Due Process in the context of discrimination and employ the equal protection type analysis.[1] Another case involved potential torture of an inmate to compel incriminating speech, *Cohen v. Coahoma County.*, 805 F. Supp. 898 (N.D. Miss. 1992), and the court recognized physical torture is automatically irreparable injury per se. Nor does the remaining district court case, *Faulkner v. North Carolina Dept. of Corrections*, 428 F. Supp. 100 (W.D.N.C.

---

[1] *Henry v. Greenville Airport Comm'n.*, 284 F.2d 631 (4th Cir. 1960) (segregation of airport a violation of substantive due process); *Battle v. Municipal Housing Auth.*, 53 F.R.D. 423 (S.D.N.Y. 1971) (welfare recepients denied equal protection and due process in housing authoritys denial of their claims).

1977), sustain Plaintiff's broad proposition that a presumption of irreparable injury arises from deprivation of a constitutional right, even if established. To the contrary, the *Faulkner* court recognized the general rule that an injunction requires "an ongoing injury for which there can be no compensation later." 428 F. Supp. At 103.

There are indeed cases finding irreparable injury resulting from interpretations of medicaid and medicare regulations in a fashion that deprives poor people of desperately needed medical benefits,[2] but they are centered not on a constitutional violation alone, but in a finding of irreparable injury. In spite of loose language in some of the cases with a compelling factual context, the correct rule of law was stated by Judge Sirica in *Human Resources Management, Inc. v. Weaver*, 442 F. Supp. 241, 249 (1977):

> Plaintiffs argue that the mere presence of statutory and constitutional questions in this case, and the concomitant possibility of loss of statutory and constitutional rights, is a sufficient underpinning for a finding of irreparable injury requiring immediate judicial intervention. This overly broad proposition has been frequently rejected by the Supreme Court. *See generally Moore v. City of East Cleveland*, 431 U.S. 494, 522 (1977) (Burger, C.J., dissenting). It is only where the asserted injury includes the potential loss of substantive constitutional rights, where the prescribed administrative remedy is inadequate to protect those rights, and where the threatened loss flowing from the delay would be irreparable that interim judicial relief is warranted in the face of existing administrative remedies. *Id.* 431 U.S. at 527, citing *Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752 (1947).
>
> Plaintiffs have not made a substantial showing regarding the threatened loss of substantive constitutional rights. In fact plaintiffs have not even alleged irreparable injury to such rights.

*See also Kennedy-Kartheiser v. Board of Educ.*, 1987 WL 17164 (N.D. Ill).

---

[2] *See, e.g., Camacho v. Texas Workforce Comm'n*, 326 F. Supp. 2d 794 (W.D. Tex. 2004); *Newton-Nations v. Rogers*, 316 F. Supp. 2d 883 (D. Az. 2004); *Soave v. Milliken*, 497 F. Supp. 254 (W.D. Mich. 1980).

Like *Weaver*, Plaintiff has also failed to allege or substantiate any irreparable injury. On this basis alone, the preliminary injunction would be inappropriate. *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272 (2d Cir. 1995) (reversing preliminary injunction for violation of Commerce Clause when no proof of irreparable injury).

II.  *Merits*

Even if Plaintiff's constitutional premise were correct, his counsel concedes he must convince the Court that "there is a substantial likelihood the Plaintiff will prevail on the merits." (Pl.'s Supp. App. p. 5). This is unclear. "[T]he Social Security Act is among the most intricate ever drafted by Congress. Its Byzantine construction, as Judge Friendly has observed, makes the Act 'almost unintelligible to the uninitiated.'" *Ramey v. Reinertson*, 268 F.3d 955, 957 (10th Cir. 2001), citing *Schweiker v. Gray Panthers*, 453 U.S. 34, 43 (1981), quoting *Friedman v. Berger*, 547 F.2d 724, 727 n. 7 (2d Cir. 1976). This is complicated further in this case by crosscurrents created by New Mexico and federal regulations and the conflicting testimony of experienced practitioners in the field. *See further* Daryl L. Gordon, *Special Needs Trust*, 15 Quinn. Prob. L.J. 121 (2000); Jason D. Lazarus, *Protect Public Benefit for Your Special-Needs Client*, 47 TRIAL 44 (2005). This Court has not completed review of the pending summary judgment motions and therefore will not pre-judge the merits, however, whether local government officials have provided adequate due process protections in implementing new federal regulations has been held to involve questions of material fact in arguably analogous circumstances. *Rainey v. Rizzuto*, 72 F. Supp. 2d 1202 (D. Colo. 1999), *aff'd sub nom.*, 268 F.3d 955 (10th Cir. 2001); *Dorsey v. Housing Auth. of Baltimore City*, 984 F.2d 622 (4th Cir. 1993).

4

**Based on its present understanding of the record, therefore, this Court is unable to opine there is a "substantial likelihood" Plaintiff will prevail.**

**O R D E R**

**Based on the above discussion, Plaintiff's *Petition for Preliminary Injunction* is DENIED.**

**SO ORDERED this 4th day of May, 2007.**

*[signature]*

**BRUCE D. BLACK**
**United States District Judge**